IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MANDRIEZ SPIVEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:20-CV-186 ) (MTT) |
| RIVEREDGE MILLEDGEVILLE MENTAL HEALTH, | ) ) ) ) |
| Respondent. | ) ) |

## ORDER

*Pro se* Petitioner Mandriez Spivey has filed a 28 U.S.C. § 2254 petition for writ of *habeas corpus* challenging his 1999 seven-day detention in Central State Hospital in Milledgeville, Georgia.[1]  Docs. 1 at 1, 5, 7; 4.  He also moves to proceed *in forma pauperis* ("IFP").  Doc. 2.  For purposes of his dismissal alone, his motion to proceed IFP (Doc. 2) is **GRANTED**.  For the following reasons, Petitioner's § 2254 petition (Doc. 1) is **DISMISSED** for lack of jurisdiction.

### I.  DISCUSSION

This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must

---

[1] In his original § 2254 petition, Petitioner showed "Riveredge Milledgeville Mental Health" as the Respondent.  Doc. 1 at 1.  In his motion to amend, Petitioner requests that the Respondent's name be amended/corrected to show Central State Hospital in Milledgeville, Georgia.  Doc. 4.  To the extent that Petitioner seeks to amend/correct the name of Respondent, his motion (Doc. 4) is **GRANTED**.  In his motion to amend, Petitioner also requests (1) additional "judicial review forms;" (2) information regarding his appeal in different case; (3) "federal subpoenas;" and (4) information regarding a case he wants to file against a federal probation officer.  *Id.*  Those requests (Doc. 4) are **DENIED**.

> promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner complains that in 1999 he was "found to have a mental health condition … which was a part of a conspiracy to cover up and retaliate on me." Doc. 1 at 5. Specifically, he states that in 1999, he and two other inmates

> were pulled out of our cell by an officer and taken into the hallway for no apparent reason. Once there, the officer began to holler and talk about gangs and that they were the only gang in Bibb LEC. … I was assaulted, endured lacerations on my eye and bruises to my body, which I did not given [sic] medical attention. Later I was taken to Milledgeville Mental Health for no apparent reason after I had been hidden and allowed to heal. I did not become aware of this until recently.

*Id.* In his second and third grounds, Petitioner states more generally the same facts in the first ground. *Id.* at 7−8. Spivey requests that "these finding[s be] dismissed or that these records be cleared." *Id.* at 15.

Federal courts have jurisdiction to entertain habeas petitions filed by a person "in custody pursuant to the judgment of a State court only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see* 28 U.S.C. § 2241(c). However, a petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490−91 (1989). Petitioner was not in custody pursuant to any State court conviction at the time he filed his petition. Doc. 2 at 5; *Diaz v. Fla. Fourth Judicial* Circuit, 683 F.3d 1261, 1264−65 (11th Cir. 2012). A successful § 2254 petition would thus not affect Petitioner's current incarceration. *Garlotte v. Fordice*, 515 U.S. 39, 47 (1995).

-3-

## II.  CONCLUSION

For the reasons set forth above, Petitioner's motion to proceed IFP (Doc. 2) is **GRANTED**, his petition for writ of *habeas corpus* (Doc. 1) is **DENIED**, his motion to amend his petition (Doc. 4) is **DENIED as moot**, and his motion to appoint counsel (Doc. 5) is **DENIED as moot**.

**SO ORDERED**, this 11th day of September, 2020.

<pre>
                              S/ Marc T. Treadwell
                              MARC T. TREADWELL, CHIEF JUDGE
                              UNITED STATES DISTRICT COURT
</pre>